Nora Kwasniewski, Adm'x.
vs.
The N. Y., N. H. & H.
Railroad Co.

No. 78913.

October 31, 1930.

Without going into detail on the five causes of demurrer to the first count, the Court is of the opinion that plaintiff, in the allegation of due care on the part of deceased in entering upon the crossing described, states a cause of action.

Demurrer overruled.

As to the causes of demurrer to the second and third counts of the declaration, the Court is of the opinion that the failure of the plaintiff to allege due care on part of deceased in entering upon the crossing described, is demurrable.

Demurrers to second and third counts sustained for neglect to allege due care on part of deceased.

For plaintiff: Greenough, Lyman & Cross.

For defendant: E. J. Phillips, E. J McElroy.

New England Merchandise
Plan
vs.
Morris Kushner

No. 83468.

October 31, 1930.

BLODGETT, P. J. Heard without a jury.

Plaintiff is engaged in selling blankets and other merchandise on the installment plan. The method was to place these blankets in the hands of its agents, who made sales of same from house to house, receiving upon such sale twenty-five cents for each blanket. This first payment went to such agent, who thereupon was to report such sale to plaintiff and, upon completion of payments by purchaser, was to receive a certain commission in addition to said first payment.

Plaintiff claims to have delivered to defendant 30 Esmond blankets under this agreement, and defendant admits signing a receipt for same. Subsequently defendant turned said blankets over to another person, acting in same capacity for plaintiff as defendant.

No report was ever made to plaintiff upon the disposition of said blankets.

Plaintiff's action is trover to recover the value of said blankets from defendant.

Defendant came into possession of the blankets properly, but has failed to make disposition of same in accordance with the contract. His defense is that the person to whom he turned the same over was a recognized agent of plaintiff and that such a course was permitted him. There is no evidence in the record which substantiates such a claim.

Defendant was to have sold same for $7.50 each. The cost to plaintiff was $3.50 each.

Decision for plaintiff for the value of said blankets, viz.: $107.63 and costs.

For plaintiff: Peter W. Kiernan and John Going.

For defendant: Frank W. Golemba.

Albina Martel Gauvin
vs.
Emery A. Gauvin

P. A. No. 1201.

November 3, 1930.

CARPENTER, J. Motion filed in this case for a Bill of Particulars is denied. The information asked for in the first clause of said motion may be found in the reasons of appeal. The second request for information is too broad and it would require plaintiff to furnish the evidence he has in support of his contentions.

For appellant: Greene, Kennedy & Greene.

For appellee: Wilson, Lovejoy, Budlong & Clough.